UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

              -v-                                         19-CR-761-12 (JPO)

JUAN TEJEDA,                                    ORDER

                      Defendant.

J. PAUL OETKEN, District Judge:

      Defendant Juan Tejeda is charged along with thirteen codefendants with racketeering, firearms, and drug trafficking offenses.  (*See* Dkt. No. 126.)  Following his arrest on October 24, 2019, he was detained on consent without prejudice to a future bail application.  (*See* Dkt. No. 22.)  On October 30, 2019, this Court held a bail hearing and denied bail.  (*See* Dkt. No. 103.)  Defendant is being held at the Metropolitan Correction Center ("MCC") in Manhattan.

      Defendant has filed a renewed application for bail, arguing that the COVID-19 pandemic poses a health risk to Defendant in confinement at MCC, and that the evidence of Defendant's dangerousness is weaker than as represented at the October 2019 bail hearing.  The Government has opposed Defendant's application.  The Court has reviewed the parties' written submissions and heard argument at a telephonic hearing on June 24, 2020. (*See* Dkt. Nos. 110, 111, 112, 116, 117, 118, 121.)

      Pursuant to 18 U.S.C. § 3142(e), the Court shall order detention if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  In making that assessment, courts are to consider (1) the nature of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness

1

of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

In addition, the Court may order temporary release under 18 U.S.C. § 3142(i) if "release [is] necessary for preparation of the person's defense or for another compelling reason."  The proper inquiry is a balancing test.  That is, to determine whether release is justified for a "compelling reason," the Court must "balanc[e] the reasons advanced for release against the risks posed by release."  *United States v. Chambers*, No. 20-CR-135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020).

As Defendant argues, the COVID-19 pandemic presents an extraordinary situation, particularly with respect to prison and jail populations.  "[I]nmates may be at a heightened risk of contracting COVID-19 should an outbreak develop."  *United States v. Stephens*, No. 15-CR-95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020).  While there is a strong case for reducing jail and prison populations generally during this pandemic, such a goal must be achieved "on a case-by-case basis," considering all relevant factors including, importantly, the danger posed by the defendant's release.  *Id.*  The conditions at MCC have been far from ideal during this pandemic.  There have been systematic failures to follow CDC guidelines and basic infection control practices at the MCC facility.[1]  However, the Bureau of Prisons has taken corrective actions to address these problems at the MCC, including increased testing, improved

---

[1] *See Fernandez-Rodriguez v. Licon-Vitale*, No. 20 Civ. 3315 (S.D.N.Y.), Dkt. No. 51-1 (report of Dr. Homer S. Venters dated May 26, 2020).

2

responsiveness of medical care, and greater availability of personal protective equipment and hygiene products.[2]

Defendant is 19 years old and apparently in good health. He was born and raised in New York City and is a United States citizen. He has been arrested 12 times, including for violent assaults and drug dealing. Based on the charges in this case, Defendant faces a mandatory statutory minimum sentence of 20 years' imprisonment.

Having considered the factors in 18 U.S.C. § 3142(g) and the balancing required by § 3142(i), the Court concludes that Defendant's bail application must be denied.

First, Defendant is young and in good health. He does not face any particular heightened health risk from COVID-19.

Second, the Government has established that Defendant's release would pose a danger to society. At the October 2019 bail hearing the Government showed a video depicting Defendant and other gang members brandishing guns. Defendant has now presented evidence indicating that the guns shown in the video were "prop" or toy guns. Even if the guns in the video were not real guns, however, other considerations clearly show Defendant's dangerousness. These considerations include (1) Defendant's arrests for violent assaults, (2) Defendant's involvement in a violent slashing in January 2019, for which he pleaded guilty to first-degree assault, (3) the evidence of Defendant's continued drug dealing while on probation for the assault conviction, (4) the evidence that Defendant was planning a robbery with a fellow gang member, again while on probation, (5) the nature and seriousness of the charges in this case and the strength of the evidence, and (6) the evidence of Defendant's involvement with a violent gang that trafficked in

---

[2] *See id.* at Dkt. No. 66 (declaration of Associate Warden Charisma Edge dated May 29, 2020); Dkt. No. 68-1 (report of Dr. Rebecca Lubelczyk May 26, 2020); Dkt. No. 68-6 (report of Dr. Rebecca Lubelczyk dated May 28, 2020).

guns and committed multiple shootings. In short, "the danger to the community presented by [Defendant's] release outweighs . . . the danger to himself presented by his incarceration." *Chambers*, 2020 WL 1530746, at *1 (quoting *United States v. Conley*, No. 19-CR-131, ECF No. 366, at 2–3 (S.D.N.Y. Mar. 31, 2020)); *see id.* (denying temporary release to asthmatic defendant under § 3142(i)).

Finally, the Court finds that there are no conditions that would reasonably assure Defendant's appearance if he were released on bail. In addition to the nature and strength of the evidence and the substantial punishment that Defendant faces, the record suggests that he is unwilling to follow the rules imposed by authorities. This is shown by the evidence of his commission of crimes while on probation and his possession of contraband while at the MCC.

Accordingly, Defendant's motion for bail and for temporary release is denied.

The Clerk of Court is directed to close the motions at Docket Numbers 110, 112, 118, and 121.

SO ORDERED.

Dated: July 6, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge